UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio D. Thomas, | ) C/A: 2:11-2066-DCN-BHH |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Richard F. Colvin; Chanda L. Robinson, | ) |
| Defendants. | ) |

This civil action, filed *pro se* and *in forma pauperis* by a pretrial detainee, is before the Court for initial screening pursuant to 28 U.S.C. §§ 1915 and 1915A.[1] Plaintiff alleges that he is incarcerated in the Georgetown County Detention Center ("GCDC") in Georgetown, South Carolina. It appears that the Plaintiff is awaiting trial in the Georgetown County General Sessions Court of South Carolina's Fifteenth Judicial Circuit, on charges which were brought against him in December 2009.[2] Plaintiff files this action against

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(b),(d), and (e), this United States Magistrate Judge is authorized to review all pretrial matters in such *in forma pauperis* cases, prisoners' § 1983 actions, and *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] Plaintiff attaches to his Complaint copies of five (5) arrest warrants charging Plaintiff with the following offenses: murder (warrant no. J537545); (2) possession of a weapon during commission of a violent crime (warrant no. J537546); (3) burglary, first degree (warrant no. J537547); (4) assault and battery with intent to kill (warrant no. J537548); (5) kidnapping (warrant no. J537550). Additionally, this Court takes judicial notice of the factual information concerning Plaintiff's pending criminal charges posted on the Georgetown County Fifteenth Circuit Court's Public Index website. *See McCormick v. Wright,* No. 2:10-cv-00033-RBH-RSC, 2010 U.S. Dist. LEXIS 13799 at

1

Defendants Richard F. Colvin and Chandra L. Robinson. Plaintiff alleges that Defendant Colvin is a public defender and that Defendant Robinson is "a victim advocate for the city of Georgetown County." ECF No. 1, p. 3. Plaintiff's Complaint is liberally construed as an attempt to assert a claim of violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983.[3] Having carefully reviewed the instant Complaint and the applicable law, the undersigned United States Magistrate Judge finds that should be summarily dismissed,

---

*6-7 n. 5(D. S.C. Jan. 15, 2010) adopted by, dismissed without prejudice by 2010 U.S. Dist. LEXIS 13726 (D.S.C., Feb. 17, 2010); *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 U.S. Dist. LEXIS 86538 at *2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating). According to the Georgetown County Fifteenth Judicial Circuit Public Index website, http://secure.georgetowncountysc.org/publicindex/ (last visited September 2, 2011), Plaintiff's pending charges are: (1) murder - indictment no. 2010GS2200265, filed 01/05/2010, true bill date 02/10/10; case no. J537545, arrest date 12/28/09; (2) possession of a weapon during commission of a violent crime - indictment no. 2010GS2200266, filed 01/05/10, true bill date 02/10/10; case no. J537546, arrest date 12/28/09; (3) burglary, first degree - indictment no. 2010GS2200267, filed 01/05/10, true bill date 02/10/10; case no. J537547, arrest date 12/28/09; (4) ABWIK - indictment no. 2010GS2200268, filed 01/05/10, true bill date 02/10/10; case no. J537548, arrest date 12/28/09; (5) kidnapping - indictment no. 2010GS2200269, filed 01/05/10, true bill date 02/10/10; case no. J537550, arrest date 12/29/09.

[3]    Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

without prejudice and without issuance and service of process, because it fails to state a claim on which relief may be granted by this Court.

## ***PRO SE* AND *IN FORMA PAUPERIS* REVIEW***

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of a pro se filing).

The Complaint was filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(i),(ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. at 327.

This Court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to

allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). But a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal.

## **BACKGROUND**

Plaintiff's Complaint alleges that the issues he is attempting to litigate are: "illegal representation, false documentation, forced indigency, withholding evidence." ECF No. 1, p. 2. With regard to Defendant Colvin, Plaintiff alleges:

> Not only did he provide me with unadequate (sic) legal assistance. (sic) But he was never even assigned to me. Therefor (sic), making his representation illegal. What he did provide me with as legal assistance actually constitutes as none. Secondly with Mr. Colvin he with held (sic) much needed evidence to help me with my case. I personally believe he with held (sic) the evidence to hurt me in my case. He was never appointed to me he voluntarly (sic) came to me with my case. But not only has he hurt my case, but I believe he has to others, and will to as many as he can to benifit (sic) themselves in the Solicitors office.

ECF No. 1, p. 3. With regard to Defendant Robinson, Plaintiff alleges:

> She has aided in my case to falseifing (sic), warrants as included with my papers she, herself has hurt me in my trial by tampering with evidence. On my warrants alone she has crossed out one name, and then put her own! I was never even read my warrants or even my miranda rights! What they have done is illegal, and unfare (sic) justice.

ECF No. 1, p. 3.  As to the relief he seeks, Plaintiff alleges:

> What I would like the court to do is provide fair adequate legal aid for all the wrong doings (sic) of these people in my case! Not only has what they done (sic) illegal, but should never happen to anyone ever again. I ask for justice. And for justice to be served upon those I have had to waste more than a year of my life to.  I would like those who break the law (sic) be brought to court or charges brought up against those who think they are above the law.  I would also ask that I be reinversed (sic) for loss (sic) wages of being unable to work and provide for my children and family.  And also for my time served and be falsely aqueted, (sic) and the damage to my name in town, and the suffering that have put my family and my self (sic) through.

ECF No. 1, p. 4.

## **DISCUSSION**

As noted above, in order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).  The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996).  Purely private conduct such as that alleged in this case against Defendant Colvin, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936

(1983); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).[4] Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 937; *see U. S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO*, 941 F.2d 1292 (2d Cir.1991). Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27-28, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980).

Plaintiff cannot maintain a civil rights claim against Defendant Colvin because, in acting as Plaintiff's attorney, Colvin has not acted under color of state law. "A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). "Although lawyers are generally licensed by the States, 'they are not officials

---

[4] *Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. Federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (collecting cases).

of government by virtue of being lawyers.'" *Id.* at 319 n.9 (quoting *In re Griffiths*, 413 U.S. 717, 729 (1973)). It is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. at 317-324 nn.8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d at 1155-1156 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Thus, Plaintiff's Complaint fails to state a claim against Defendant Colvin and should be summarily dismissed.

With regard to Defendant Robinson, Plaintiff alleges that she "falseifing (sic), warrants as included with my papers . . . [o]n my warrants alone she has crossed out one name, and then put her own." ECF No. 1, p. 3. However, these allegations fail to state a plausible claim that Defendant Robinson violated Plaintiff's constitutional rights. It is well settled in this Circuit that "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant. At most, such official can be pursued through a cause of action for malicious prosecution." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1996). A claim for malicious prosecution does "not accrue until a favorable termination [of the criminal prosecution] is obtained." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). Plaintiff's Complaint fails to allege sufficient facts to state a plausible claim for malicious prosecution because the criminal charges against Plaintiff have not been terminated in his favor.[5] A claim that a *warrantless*

---

[5] A § 1983 claim for malicious prosecution incorporates the common law elements of that same cause. *See Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005). That does not mean, however, that the plaintiff must satisfy the specific elements of a South Carolina state cause of action for malicious prosecution. A malicious prosecution

arrest is not supported by probable cause constitutes a cause of action for false arrest as opposed to malicious prosecution. *Brooks*, 85 F.3d at 181. The Court takes judicial notice of the fact that Plaintiff already has a case pending in this Court against two other officers of the Georgetown Police Department in which he claims that he was subjected to a warrantless arrest without probable cause, *i.e.* "false arrest," on the same charges which are the subject of the instant Complaint.[6] Now, Plaintiff is attempting to claim in the instant case that his arrest on those same five charges, made pursuant to the five warrants (copies of which he attaches to his Complaint in this case, *see* ECF No. 1-1, p. 2-11), was falsified by Defendant Robinson, *i.e.* constitutes an additional "false arrest" claim, because Defendant Robinson "crossed out one name, and then put her own" as the affiant on the arrest warrants. However, where an obvious typographical or scrivener's error (such as the strikeout of an original affiant's name and the substitution of the name of the affiant who, according to the information appearing within the four corners of the arrest warrants, actually personally appeared before the issuing judge, swore to the facts that allegedly established probable cause for arrest, and signed the warrants) does not implicate the

---

claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort. *See id; Lambert v. Williams*, 223 F.3d 257, 261-62 & n.2 (4th Cir. 2000). To say that a § 1983 claim incorporates the common law elements is to simply require "that the defendant have 'seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor.'" *Id.* (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183-84 (4th Cir.1996)).

  [6] *Thomas v. Walker*, 2:11-161-DCN-BHH (D.S.C.). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'").

facial validity of the warrants.[7] Plaintiff's Complaint, therefore, fails to allege sufficient facts to state a plausible claim for false arrest against Defendant Robinson because "there can be no claim for false arrest when a plaintiff is arrested pursuant to a facially valid arrest warrant." See *Dorn v. Town of Prosperity*, 375 Fed. Appx. 284 (4th Cir. 2010).[8] Thus, Plaintiff's claim against Defendant Robinson should be summarily dismissed.

Finally, in a case such as this one, where a plaintiff has not been convicted on any charges and criminal charges are currently pending against him, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. See *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harper v. Public Serv. Comm'n of West Va.*, 396 F.3d 348, 351-52 (4th Cir. 2005) (noting that criminal law is a core source of state authority and that "[c]riminal proceedings are, perhaps, the most obvious example of the states' sovereign authority 'to perform their separate functions in their separate ways.' "); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). In *Cinema Blue*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from hearing constitutional challenges to state

---

[7] See *United States v. Carter*, 756 F.2d 310, 313 (3d Cir.1985), cert. denied, 478 U.S. 1009 (1986) (A mere technical error does not automatically invalidate the warrant) (citing *Cromer v. United States*, 142 F.2d 697 (D.C.Cir.1944) (The true inquiry . . . is . . . whether there has been such a variance as to 'affect the substantial rights' of the accused) (quoting *Berger v. United States*, 295 U.S. 78, 82 (1935)). See *McLean v. Mallott*, 10 F.3d 806 (4th Cir.1993) (unpublished) full-text opinion at: 1993 U.S. App. LEXIS 28847 (typographical error on arrest warrant did not render warrant invalid).

[8] See also *Jones v. Camden Police Dep't*, 2010 U.S. Dist. LEXIS 90928 at *10-11 (D.S.C. Aug. 13, 2010) affirmed by, summary judgment granted by 2010 U.S. Dist. LEXIS 92202 (D.S.C., Sept. 1, 2010), aff'd 2011 U.S. App. LEXIS 5535 (4th Cir. S.C., Mar. 18, 2011).

judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Id.* at 52. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc) (noting that " . . . federal courts should permit state courts to try state cases, and that where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

## **RECOMMENDATION**

Accordingly, it is recommended that Plaintiff's Complaint be dismissed, without prejudice and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)*; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

September 6, 2011
Charleston, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not

conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).